# SECOND DEPARTMENT.

## GENERAL TERM, MAY, 1874.

McCue v. Tribune Association, appellant.

*Practice — order to take affidavit under Code, § 401 — rights of opposing party — waiver of objection by witness.*

Plaintiff procured an order, under the provision of Code, section 401, for a witness to appear before a referee and make an affidavit. In pursuance of the order, the witness appeared and made the affidavit. Upon an appeal by defendant and the witness from the order, *held*, (1) that defendant could not interfere with the proceedings to procure the affidavit, but could only object to the contents of or mode of procuring it when it was sought to be used against defendant; and (2) that the witness, having appeared and made the affidavit without objection, had waived his right to question the order.

APPEAL by the defendant, and also by the witness, from an order made at a special term in Kings county denying a motion to vacate an order under the provision of Code, section 401, appointing a referee to take the affidavit of William F. G. Shanks, and requiring Shanks to appear before said referee for that purpose.

*Cornelius A. Runkle*, for Tribune Association.

*A. J. Dittenhoeffer*, for W. F. G. Shanks.

*Tracy, Catlin & Broadhead*, for respondent.

TALCOTT, J. The motion to vacate the order appears to have been made by the Tribune Association as a defendant, and by the witness Shanks. The Tribune Association had no right to move to vacate the order for an *ex parte* examination of the plaintiff's witness. There is no mode by which a party can interfere to prevent the procuring of an *ex parte* affidavit by his adversary. The witness might voluntarily appear before the referee and make the affi-

davit, and if so, he might waive any irregularity or want of power in the proceedings to procure his attendance.

The affidavit is *ex parte*, and may, or may not, be used in the case. If there is any thing in the contents, or in the mode of procuring the affidavit, to which the defendant can lawfully object, his objection must be made when the affidavit is sought to be used against him. *Brooks* v. *Schultz*, 5 Robt. 636.

The witness Shanks also moved to vacate the order, and appeals from the decision of the special term. It appeared on the motion that Mr. Shanks appeared before the referee, attended by counsel, at the time and place named in the subpœna served upon him, and then and there, without any objection to the validity or regularity of the subpœna, or the order under which it was issued, submitted to examination, which had been closed before any notice of any motion to vacate the order appointing the referee, etc., was given.

We think it was too late for the witness, after having voluntarily appeared and submitted to examination, to take exception to the proceedings to procure his attendance for that purpose.

The only interference with any right of the witness which was attempted by the order, which he moved to vacate, was in that portion of the order which directed him to appear for the purpose of the examination. Any objection to the order on this account was waived by his voluntary appearance without objection.

This precise point appears to have been decided in the case of *Erie Railway* v. *Champlain*, 35 How. 74, where it was held that, after the witness had appeared before a referee appointed under section 401, and submitted to a partial examination, it was too late to move to vacate the order appointing the referee, etc., on the ground that the affidavit on which the order was made did not present a case authorizing the granting of the order. This, though a special term decision, was, we think, in conformity to the rule in similar cases. There is no point as to the propriety of any question put to the witness before us, and we intend to decide nothing on that subject, but only the proposition that, after a witness has appeared and submitted to an examination, without objection, before a referee appointed for that purpose, it is too late for him to initiate proceedings for the purpose of setting aside the order, on the ground of the insufficiency of the affidavit on which it was granted.

The order appealed from is affirmed, with $10 costs.

*Order affirmed.*